UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE: Charlita A. Andrews,       :       Chapter 13
                                  :
           Debtor                 :       Bky. No. 18-18430 PMM

-----------------------------------------------------------

## ORDER DISGORGING COUNSEL FEES

**AND NOW,** upon consideration of this Court's Order (doc. # 85, the "Order to Appear") entered on July 30, 2021, directing counsel for the Debtor to appear at a hearing regarding the chapter 13 Trustee's Motion to Dismiss the above-captioned bankruptcy case (doc. # 80, the "Motion to Dismiss"):

**AND** this chapter 13 bankruptcy case having been filed on December 28, 2018;

**AND** attorney James W. Zerillo ("Debtor's Counsel") having represented the Debtor from the inception of this case;

**AND** Debtor's Counsel remaining the attorney of record in this matter and, therefore, received notice of the Order to Appear, see Certificate of Notice, doc. #86;

**AND** the Debtor's chapter 13 Plan having been confirmed on September 24, 2019 and modified on November 19, 2020, see doc. #'s 45, 67, 73, 76;

**AND** on December 6, 2019, Debtor's Counsel having been awarded, upon application, fees in the amount of $2,990.00, $1,190.00 of which were paid by the Debtor prior to the commencement of the bankruptcy case, see doc. # 55;

**AND** the Debtor's Modified Plan (doc #73) stating that Debtor's Counsel remains owed approximately $1,000.00, to be paid through the Chapter 13 Modified Plan;[1]

---

1 The Modified Plan incorrectly states that the amount of the allowed fees is $28,000.00; the correct amount,

**AND** at the initial hearing on the Trustee's Motion to Dismiss, held on July 29, 2021, Debtor's Counsel having failed to appear;[2]

**AND** as a result of Debtor's Counsel failure to appear, this Court entered the Order to Appear on July 30, 2021, ordering that

> [Debtor's Counsel] is **directed to APPEAR** for the continued hearing on the Motion scheduled for **Thursday, September 2, 2021 at 11:00 AM.**

(some emphasis added).

**BUT**, despite the clear and unambiguous language in the Order to Appear, Debtor's Counsel having failed to appear at the continued hearing regarding the Motion to Dismiss;

**AND** Debtor's Counsel having failed to offer an explanation or excuse for his failure to comply with a court order;

**AND** the Court having power to sanction Debtor's Counsel by ordering a disgorgement of fees. See In re Johnson, 408 B.R. 61, 66 (Bankr. W.D. Pa. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32 (1991) and stating that "[d]isgorgement of fees is warranted upon failure to comply with court order."); See also In re Fernandez, 2016 WL 5400393, at *3 (Bankr. D.N.M. Sept. 27, 2016); In re Potter, No. 07-1084 M, 2008 WL 1777843, at *2 (Bankr. D.N.M. Apr. 16, 2008);

It is therefore hereby **ORDERED** that:

1) The remaining $1,000.00 balance of fees owed to Debtor's Counsel by the Debtor and scheduled to be paid by the Trustee pursuant to the Debtor's Modified Plan is **disgorged** (the "Funds");

2) The Funds shall be applied by the Trustee to the Debtor's Chapter 13 arrearage

---

pursuant to Order Approving Fees, is $2,990.00, doc. #55.

2 The Debtor, who filed a "pro se" Response to the Motion to Dismiss, doc. #82, stated at the July 29, 2021 hearing

    balance;

3)    Debtor's Counsel **must appear** at the continued hearing on the Motion to

Dismiss, which will be held on **Thursday, October 14, 2021 at 11:00 a.m.**

**Date: September 3, 2021**

                              **PATRICIA M. MAYER**
                              **U.S. BANKRUPTCY JUDGE**

---

that counsel had not returned her phone calls or consulted with her about the Trustee's Motion to Dismiss.